UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID E. PROFFITT, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-03386-WTL-DKL |
| HAMILTON Jennings County Jail Officer, | ) |
| LITTREL Jennings County Jail Officer, | ) |
| BRIAN TALKINGTON Jennings County Jail Officer, | ) |
| MARY MILLER Captain, Jennings County Jail, | ) |
| FOX Seargent, Jennings County Jail, | ) |
| RON KIETZMAN Jennings County Jail Officer, | ) |
| LISA Nurse, | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I. Screening**

The plaintiff has paid the filing fee. The complaint, filed on December 15, 2016, is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The plaintiff is currently confined at the Correctional Industrial Facility. His complaint alleges five different claims relating to conditions of his confinement while he was incarcerated

at the Jennings County Jail, dating back to December of 2012. For the reasons explained in this Entry, the complaint, as presented, must be **rejected.**

The complaint alleges that 1) Officers Littrel and Hamilton use excessive force against him in 2012 and Officers Littrel, Hamilton, and Talkington denied him necessary medical treatment; 2) Sgt. Fox fired mace into his cell for no reason and compelled other inmates to attack him in 2013; 3) Cpt. Mary Miller refused him medication for an unspecified serious medical need; 4) Ron Keitzman lied that he was a witness to a false report against the plaintiff; and 5) Nurse Lisa gave him food that caused an allergic reaction and refused medication that he needed. As filed, the complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. "Unrelated claims against different defendants belong in different suits …." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. The plaintiff's claims are not related in time or participants. Rather, they are separate events that occurred at different times and under different circumstances. They belong in different lawsuits.

In addition, the plaintiff is informed that there is a two year statute of limitations on constitutional claims brought under 42 U.S.C. § 1983. "Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute of limitations period is two years. Ind. Code § 34–11–2–4. Accordingly, it appears from the face of the complaint that claims based on circumstances that arose prior to December of 2014, would very likely be barred by the statute of limitations.

## II. Further Proceedings

The plaintiff shall have **through February 23, 2017,** in which to file an amended complaint incorporating only properly related claims. If this means he can only properly file one complaint for each claim, that is what he should do. He may choose which claim to file in this case as an "amended complaint," and may also file additional new lawsuits for any other claims he wishes to pursue. He will owe a filing fee for each lawsuit filed.

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If an amended complaint is filed as directed in this Entry, the Court will screen it as required by 28 U.S.C. § 1915A. If no amended complaint is filed, the action will be dismissed in its entirety for the reasons set forth in this Entry without further notice to the plaintiff.

The plaintiff shall inform the Court of any change of address within seven (7) days of the change.

**IT IS SO ORDERED.**

Date: 1/23/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID E. PROFFITT, 117703, CORRECTIONAL INDUSTRIAL FACILITY, Inmate Mail/Parcels, 5124 West Reformatory Road, PENDLETON, IN 46064