UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID E. PROFFITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-03386-WTL-DML |
| | ) | |
| CHARITY, Jennings County Jail Officer, | ) | |
| FOX, Jennings County Jail Officer, | ) | |
| SAM BEARD, Jennings County Jail Commander, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Defendants' Motion to Reconsider
and Setting Amended Pretrial Schedule**

**I. Motion to Reconsider**

In the Entry of February 12, 2018, the Court denied the defendants' motion for summary judgment. Dkt. No. 38. The defendants, Officers Fox and Charity and Commander Beard, filed a motion to reconsider the Court's ruling. The plaintiff has responded and the defendants replied. The motion to reconsider is now ripe for resolution.

The defendants based their motion for summary judgment, in large part, on the defense of timeliness. They failed to address the prison mailbox rule, however, which was the basis on which the Court denied the defendants' motion for summary judgment. The defendants now argue that the Court was premature in its reliance on the prison mailbox rule because the plaintiff had not submitted a sworn statement attesting to the date he placed his lawsuit in the prison mail system. In his response to the motion to reconsider, the plaintiff has declared under penalty of perjury that he placed his civil complaint in the prison mailbox on December 13, 2016. This

renders the defendants' argument about strict compliance with the mailbox rule moot.

The summary judgement record shows that the plaintiff left the Jail at 7:12 a.m. on December 15, 2014. As noted in the Court's ruling on motion for summary judgment, the defendants argued that all allegations relating to conduct on or before December 15, 2014, were untimely. Dkt. No. 38. This was too broad of an interpretation of the timeliness problem. The Court also noted in its decision, "[s]ome if not most of the plaintiff's claims may be untimely, but not those that arose between December 13, 2014, and December 15, 2014." *Id.*

The plaintiff alleges in his amended complaint that Officers Fox and Charity "continually kicked my cell door" calling him a "piece of shit rapist" and threatening that "if you don't plead guilty to your (crime), your [sic] gonna have an accident," and "you're lucky you were found guilty or you wouldn't have made it out of my jail." Dkt. No. 9. The plaintiff alleges that the kicking, name calling, and threatening deprived him of sleep "for several days." *Id.* The plaintiff further alleges that Officers Fox and Charity subjected him to excessive force when they threw the plaintiff in a holding cell injuring him. The excessive force claim against Captain Beard is that he slammed the plaintiff's head into a police car window. The plaintiff argues that the Court should construe his claims as asserting "continual abuse" and thereby include incidents that occurred before December 13, 2014.

The doctrine of continuing violation governs the accrual of a claim. *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). "A violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Id.* This occurs when the injuries about which the plaintiff is complaining "are the consequence of a numerous and continuous series of events." *Id.*

The continuing violation doctrine may apply "to repeated conduct occur[ing] over a series of days or perhaps years in light of the fact that a single act of harassment may not be actionable on its own." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (internal quotation omitted).

The excessive force claims are not subject to the continuing violation doctrine. The alleged force was not applied over a series of days or longer. Rather, the plaintiff being thrown in the cell and having his head slammed against a car window are two separate, suable incidents.

On the basis of the record as it stands, the Court cannot determine whether the plaintiff's broad claims of kicking his cell door, name calling, and threats over the course of several days 1) rise to the level of a constitutional violation, and/or 2) can be treated as "continuing violations." This is because there is no evidence of what each defendant did when.

The plaintiff also alleges that Captain Beard threw away his mail. The interference with the receipt of an inmate's mail may violate the First Amendment unless it is "reasonably related to legitimate penological interests." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (internal quotation omitted). The plaintiff further alleges that Captain Beard did not allow him to have any visitors. The Seventh Circuit has recently held that "prison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members" if the denial is not reasonably related to legitimate penological interests. *Easterling v. Thurmer*, 880 F.3d 319, 322-23 (7th Cir. 2018). Captain Beard's arguments on summary judgment with respect to these claims only related to December 15, 2014. He has not presented evidence sufficient to demonstrate that he is entitled to summary judgment on either of these claims.

The defendants' motion to reconsider, Dkt. No. 41, is **denied** because they have not demonstrated that they are entitled to partial summary judgment on the plaintiff's claims.

## II. Amended Pretrial Schedule

The action shall proceed in accordance with this amended schedule:

A. **No later than June 1, 2018** – Each party must give the other parties a list (with addresses and telephone numbers) of every witness who has knowledge that could help prove that party's claims or defenses. For each witness the party lists, there should be a brief description of what that witness knows. This list shall NOT be filed with the Court.

B. **No later than June 1, 2018** – Each party must give the other parties copies of all documents or electronic data that the party has that it may use to prove its case. The copies of documents shall NOT be filed with the Court.

C. **No later than June 1, 2018** – The Plaintiff must give the Defendant(s) a written estimate of how much money the Plaintiff claims he is entitled to for any injuries or damages the Plaintiff claims to have suffered. At that time, the Plaintiff must also give the Defendant(s) all non-privileged documents that support that estimate, including those that might prove the nature and the extent of the Plaintiff's injury. This estimate and the documents are NOT filed with the Court.

D. The parties must update the information and documents that they provided to each other under Paragraphs B-D above as additional information becomes available to them. The Court may prevent a party from using evidence that it has not shared with the other side.

E. **No later than June 15, 2018 -** The Plaintiff shall serve on the Defendant(s) his settlement demand, explaining on what terms or amount of money he would agree to resolve this case without further litigation. The Defendant(s) must respond in writing

**within 14 days**. Neither the Plaintiff's demand nor the Defendant's response shall be filed with the Court.

F. **No later than July 9, 2018** - Each party must notify the Court whether the party believes a settlement conference with the Magistrate Judge would be beneficial in resolving the action. This submission should not contain any information regarding settlement discussions between the parties, but should simply state whether or not the party wishes to have a formal settlement conference.

G. **No later than July 24, 2018 -** The parties shall complete written discovery and discovery depositions pursuant to Rules 26 through 37 and 45 of the *Federal Rules of Civil Procedure*. This means discovery must be served 30 days before the deadline to allow time for a response.

H. **No later than June 15, 2018** – Each party must tell the other parties if it intends to use any testimony by expert witnesses. At that time, if a party intends to use an expert, it must give the other party a signed report from the expert that presents all the witness' opinions and all the other information required by Federal Rule of Civil Procedure 26(a)(2). Thirty days later, the other side must file a report by any rebuttal expert.

I. **No later than August 24, 2018** – Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and therefore the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56 and Local Rule 56-1.

**J.** If the case is not resolved by settlement, motion, or other ruling, the Court will set a trial date.

**IT IS SO ORDERED.**

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 4/24/18

Distribution:

DAVID E. PROFFITT, 117703
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel